**In re JOINT EASTERN AND SOUTHERN DISTRICT ASBESTOS LITIGATION.**

**This Document Relates to: John Maiorana.**

**No. 88 Civ. 3317 (RWS).**

United States District Court, S.D. New York.

April 2, 1991.

Levy Phillips & Konigsberg (Alan J. Konigsberg, Alani Golanski, of counsel), New York City, for plaintiff.

Christy & Viener (Wayne C. Matus, James M. Minamoto, of counsel), New York City, for defendant Owens–Corning Fiberglas Corp.

OPINION

SWEET, District Judge.

Plaintiff Arlene Maiorana ("Maiorana") has moved for reargument of the motion by defendant Owens–Corning Fiberglas Corp. ("OCF") and others for summary judgment dismissing her claim based on her inability to show that her husband's colon cancer was more probably than not the product of occupational exposure to asbestos. The motion was granted by opinion dated February 26, 1991 ("the Opinion") 758 F.Supp. 199, and the case was dismissed pursuant to the Opinion on March 4, 1991. OCF has cross-moved for attorneys' fees and sanctions. For the following reasons, both the motion and cross-motion are denied.

*Background*

The parties, facts, and prior proceedings are described in the Opinion, familiarity with which is presumed. The basis for the grant of summary judgment was that Maiorana had not adduced evidence to support a factual conclusion that her husband's illness was more probably than not caused by exposure to asbestos. The Opinion took into account the affidavit testimo-

ny of Maiorana herself, her husband's personal physician, and her two medical experts.[1] The Court concluded that Maiorana simply had not shown that her husband was a member of any group which had a relative risk greater than 2.0 of contracting colon cancer due to asbestos exposure. The experts' opinions regarding the cause of Mr. Maiorana's illness were deemed inadmissible because their underlying assumptions were unsupported by any evidence. 758 F.Supp. at 204–205. The physician's opinion was likewise rejected because no evidence indicated that he qualified as an expert in either colon cancer or in asbestos-related illnesses. 758 F.Supp. at 203–204. While Maiorana did present some evidence of epidemiological studies indicating that certain groups might possess relative risks greater than 2.0, she offered nothing to show that her husband could properly be placed within those groups. *Id.* at 203.

### The Motion for Reargument

On the present motion, Maiorana presents numerous arguments for modification of the Opinion. Because of the importance of this issue, each of the arguments will be addressed in turn.

■ Maiorana's initial mistake is that she seems to have misperceived her burden on the motion for summary judgment. As the plaintiff, at trial she would bear the burden of proof, by a preponderance of the evidence, on the issue of causation. In opposing summary judgment on causation therefore, it was incumbent upon her to come forward with sufficient admissible evidence to show the existence of genuine issue of material fact which would support a jury verdict in her favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). While it is true that as the non-moving party she was entitled to the benefit of any

inferences a factfinder might have drawn from the evidence, she was not also entitled to beneficial inferences concerning additional evidence she might present at trial. Thus the mere fact that her experts might conceivably have offered further testimony in support of their conclusions is irrelevant: any such evidence should have been produced in response to the summary judgment motion. Maiorana's failure to do so compels the conclusion that there was none.[2]

A second problem is that Maiorana seems to misunderstand the nature of epidemiological evidence. As discussed in the Opinion, epidemiology compares the rates of disease in different populations in order to identify statistical trends and anomalies. An epidemiological study generally consists of a "control cohort" and one or more "test cohorts." The control cohort is randomly selected from the population at large, while members of a test cohort are taken from a group of individuals who share the particular characteristic being tested. In studies where the test characteristic is exposure to a toxic substance such as asbestos, it is common to refer to the test cohort as the "exposed cohort."

The relevant point is that the term "test cohort" or "exposed cohort" only has meaning with respect to a particular epidemiological study: a person is a member of such a cohort only if that person actually shares the particular characteristic being tested. Thus there is no single "exposed cohort" encompassing all individuals exposed to asbestos, as Maiorana seems to suggest. *See* Plaintiff's Memorandum in Support of Motion for Reargument ("Plaintiff's Mem.") at 15. An epidemiological result applies only to individuals who satisfy the criteria for membership in the test cohort.

1. Although the Opinion did not explicitly discuss the testimony submitted by Maiorana from another asbestos case by Dr. Joseph Wagoner ("Wagoner"), that evidence was also considered and deemed irrelevant because, as discussed more fully below, Maiorana offered nothing to show that Wagoner's epidemiological data could properly be applied to Mr. Maiorana's case.

2. Maiorana also readily admits that there was evidence which she did not present on the original motion, because "based on [her] view of the strength of [her] evidence," she "did not feel compelled to present" all of it. This was clearly a strategic, if ultimately ill-advised, decision which cannot form the basis for reargument.

■ Accepting the fact that there is a physiological connection between asbestos exposure and colon cancer, it is reasonable to assume that the risk of the disease increases with the level of exposure. It is also logical to assume that there must be a level of exposure for which the relative risk will be greater than 2.0. These assumptions are borne out by the epidemiological studies themselves: for example, a study referred to by Maiorana on Norwegian insulation workers identified a relative risk of 1.43 for those with slight asbestos exposure and 3.75 for those with heavy exposure. Plaintiff's Mem. at 11. Similarly, the study by Frumkin and Berlin discussed in the Opinion concluded that highly exposed individuals had a relative risk between 1.34 and 2.09, while a less-exposed group had a relative risk near 1.0. 758 F.Supp. at 203 & n. 6. As a result, it is not sufficient for Maiorana simply to present a study showing a relative risk greater than 2.0. To make use of such a result, she must also offer evidence from which a factfinder could conclude that her husband's exposure level qualified him for the test cohort for the study in question.[3]

■ Maiorana's next contention, that the Opinion improperly failed to credit the experts' testimony, is also unavailing. As the Opinion made clear, these witnesses' conclusions were inadmissible because there was not sufficient support for the assumptions upon which they specifically based those conclusions. 758 F.Supp. at 204–205. On the present motion Maiorana merely reargues the experts' personal qualifications, but does not even claim that there was sufficient evidence to support their assumptions.

Likewise, Maiorana does not adduce any new evidence to contradict the conclusion that her husband's physician was not an expert in colon cancer or asbestos exposure, but merely points out that the defendants have not challenged his qualifications as a specialist in internal medicine and pulmonary medicine. As neither specialty qualifies the physician as an expert on the cause of Mr. Maiorana's disease, there was no need for the defendants to make such a challenge.

Finally, Maiorana argues that if the Court had accorded the proper weight to her affidavit testimony, it would have concluded that she could meet her evidentiary burden on the question of causation. Plaintiff's Mem. at 17–22. However, the argument is based on an example in the Opinion which was designed merely to illustrate certain epidemiological concepts involved. Maiorana makes unsupported assumptions concerning the reliability of various propositions in her own affidavit, and suggests entirely arbitrary predictions of the numbers of people in a random population who might possess certain characteristics.[4] Finally, she combines all of these conjectures under the guise of mathematical calculation to demonstrate that in fact it is more likely than not that her husband's disease was caused by asbestos. She offers not one shred of evidence to support any of her numerical assumptions, and there is simply no epidemiological theory which supports the probabilities based on those assumptions.

---

3. The "irreconcilable paradox" which Maiorana perceives in the Opinion, Plaintiff's Mem. at 15–16, is nonexistent. She claims that the Opinion requires epidemiological evidence of a relative risk greater than 2.0 in the absence of clinical evidence of asbestos exposure, while at the same time requiring clinical evidence sufficient to place the victim in the exposed cohort. In fact, the Opinion requires the epidemiological data only if there is not *conclusive* clinical evidence of causation. Once such data is introduced, Maiorana must prove, by clinical or any other type of evidence, that her husband's exposure was sufficient to warrant its application, i.e. that he qualifies as a member of the exposed cohort.

4. Maiorana first introduces these "statistics" by way of example, but then proceeds to treat them as if they were accurate. *See, e.g.,* Plaintiff's Mem. at 19–20:

> [I]f, for example, 30 of those 100 people had [a family history of colon cancer,] then the random group *is reduced* by 15, leaving 85.... [I]f for example, 25 *of the remaining 85* people have [a history of ulcerative colitis or polyposis,] the group *must be reduced* by 20....

As for OCF's motion for sanctions, the issues presented on the original motion were both novel and complex, and Maiorana's arguments on this motion are not entirely frivolous, although they here have each been rejected. Particularly in light of the lack of controlling authority and the importance of the issues, it is not "patently clear that [Maiorana's] claim[s] ha[d] absolutely no chance of success under the existing precedents," thus Rule 11 sanctions are not warranted. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1895).

*Conclusion*

Because Maiorana has not presented evidence or authority warranting a modification of the prior ruling, her motion for reargument is denied. OCF's cross-motion for attorneys' fees and sanctions is denied.

It is so ordered.